# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
          **Plaintiff,**

          **v.**                                               **Case No. 98-CR-104**

**ANDREW ACOSTA**,
          **Defendant.**

---

## ORDER

On September 25, 2006, I re-sentenced defendant Andrew Acosta to life in prison after his sentence was remanded in light of United States v. Booker, 543 U.S. 220 (2005). In the judgment, I indicated that the sentence was not to run concurrently with a state sentence out of Ozaukee County, Wisconsin. Defendant now moves pursuant to Fed. R. Crim. P. 36 to correct the judgment to eliminate the reference to the sentence not running concurrently.

Rule 36 allows the court, at any time, to correct clerical errors in judgments. This includes the ability to clarify a judgment which does not clearly reflect the intent of the court in pronouncing sentence. See United States v. Niemiec, 689 F.2d 688, 692 (7th Cir. 1982). During the instant sentencing, I originally stated that the sentence was not to run concurrently with the state sentence. I did so in order to address defendant's concern that he might be transferred from federal to state custody, which he wanted to avoid, not because I believed a consecutive sentence was necessary. However, defense counsel then requested that I not so order, and I agreed. (Sept. 25, 2006 Sen. Tr. at 37.) Nevertheless, the judgment reflected my original statement that the sentence not run concurrently. The government does not oppose correcting the judgment to reflect my revised pronouncement on the concurrent/consecutive

issue.

**THEREFORE, IT IS ORDERED** that the judgment be amended to state that the instant

sentence "run concurrently with the sentence in Ozaukee County Case No. 00-CF-169."[1]

Dated at Milwaukee, Wisconsin this 22nd day of May, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1]Defendant's sentence is currently on appeal, which generally divests me of jurisdiction over the case. However, I retain jurisdiction to correct clerical errors pursuant to Rule 36. See United States v. McGee, 981 F.2d 271, 273 (7th Cir. 1992), abrogated on other grounds by Johnson v. United States, 529 U.S. 694 (2000). In any event, this correction does not affect the substance of the federal sentence.